**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHARLES RAY** | § | |
| | § | |
| **V.** | § | **A-16-CA-545-RP** |
| | § | |
| **WILLIAM STEPHENS** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

A.  **Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 403rd Judicial District Court of Travis County, Texas. Petitioner was convicted of aggravated sexual assault of a child and was sentenced to 20 years in prison on June 28, 2004. Petitioner's appeal was dismissed on March 3, 2005. Petitioner also challenged his conviction in four state applications for habeas corpus relief. The first was filed on or about October 24, 2006, and was denied without written order on the trial court findings without a hearing. *Ex parte Adams*, Appl. No. 61,317-2. The second was dismissed as successive. *Ex parte Adams*, Appl. No. 61,317-3. The fourth application was filed on or about March 12, 2015. On May 20, 2015, the Texas Court of Criminal Appeals dismissed it as successive to the extent Petitioner challenged his holding conviction and denied it to the extent Petitioner challenged parole. *Ex parte Adams*, Appl. No. 61,317-5.

B.  **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. The trial court lacked jurisdiction to impose a commercial crime against him for aggravated sexual assault of a child;

2. He received ineffective assistance of counsel;

3. He was deprived of a protected liberty interest in previously earned good time credits as a result of the denial of parole.

## II.   DISCUSSION AND ANALYSIS

A.   **Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B.   **Application**

Petitioner's conviction became final, at the latest, on April 2, 2005, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. *Gonzalez v. Thaler*, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires).

At the time Petitioner's conviction became final, he should have known the factual predicate of his claims regarding good time credits. At the time of his conviction, the law was clear that good and work time credits apply only to eligibility for parole or mandatory supervision and do not

otherwise have any effect on the length of sentence imposed on an inmate. *See Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App.1994); TEX. GOV'T CODE ANN. § 498.003(a) (Vernon 2004). The sole purpose of the good time earned is to accelerate eligibility for release on parole or mandatory supervision; it does not affect the length of the sentence itself in any way. Therefore, Petitioner had until April 2, 2006, to timely file his federal application. Petitioner did not execute his federal application for habeas corpus relief until April 28, 2016, more than ten years after the limitations period had expired.

Petitioner's state applications do not operate to toll the limitations period, because they were filed after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

Petitioner may be contending the untimeliness of his application should be excused, because he is actually innocent. In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence"

that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998). In this case, Petitioner has made no valid attempt to show he was actually innocent of the crime to which he previously pleaded guilty.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

**SIGNED** on May 11, 2016.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE